| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 200936-5<br>Attorneys for Movant: Carrington Mortgage Services, LLC | Order Filed on June 22, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Christal A. Fisher-Battise aka Christal Fisher aka Christal Battise | Case No.: 15-23142-ABA<br>Chapter 13<br><br>Hearing Date: May 29, 2018<br>Time: 10:00 AM<br><br>Judge: Andrew B. Altenburg, Jr. |

## ORDER RESOLVING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: June 22, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor, Carrington Mortgage Services, LLC ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers and the parties, having been represented by their respective counsel, Andrew B. Finberg, Esquire for Debtor, and for good cause shown, it is ORDERED as follows:

1.  The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.  Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtor known as and located at 1 Oak Hollow Lane, Sicklerville, NJ 08081 (the "Property").

3.  The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this Order, said delinquency consisting of the following:

| | |
|---|---|
| 6 Payments: 12/1/2017 -5/1/2018 @ $1,468.14 | $8,808.84 |
| Suspense Balance | ($1,127.18) |
| **Total Post-Petition Arrears** | **$7,681.66** |

4.  Commencing on June 1, 2018, Debtor shall resume making regular monthly mortgage payments currently in the amount of $1,468.14.

5.  Debtor shall pay the total post-petition arrears in the amount of $7,681.66 no later than within seven days of the entry of this Order.

6.  All payments are to be mailed to Carrington Mortgage Services, LLC, Bankruptcy Department, P.O. Box 3730, Anaheim, CA 92806.  Debtor shall reference the loan number on any and all payments made pursuant hereto.

7. Debtors shall reimburse the Movant through their Chapter 13 Plan as an administrative claim, the sum of $531.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

7. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Order shall change accordingly.

8. In the event that Debtor is in default pursuant to the terms and conditions of this Order for a period of thirty (30) days, or if any of the funds paid fail to clear for insufficient funds or are dishonored for any reason, Secured Creditor may send Debtor and Debtor's Counsel a written notice of default of this Order. If the default is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating any such payment(s) more than thirty (30) days in default. In the event that a notice of default is forwarded, it is agreed that acceptance of partial payment by the Secured Creditor may file a Certification of Default absent a full cure.

9. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

10. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee may send Debtor and Debtor's counsel a written notice of default. If the default is not cured

within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtor, and Debtor's counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.